IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01227-PAB-STV

J.T., on behalf of her minor child, A.R.,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b), Alternative Motion to Strike Plaintiff's Opening Brief, and Motion for Attorneys' Fees [Docket No. 22]. Plaintiff responded, Docket No. 25, and defendant replied. Docket No. 26.

**I. BACKGROUND**

This is a special education case brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). Docket No. 17 at 2-3. Plaintiff, the mother of her child, A.R., alleges that defendant failed to provide a free and appropriate public education ("FAPE") from the 2018-19 school year through April 2020. *See id.* at 15-19. On February 22, 2021, an Administrative Law Judge ("ALJ") in the Colorado Office of Administrative Courts held a hearing. Docket No. 21-4 at 1. On March 1, 2021, the ALJ dismissed plaintiff's case, finding that defendant had met its requirements under the IDEA. Docket No. 17 at 15, ¶ 54.

On May 4, 2021, plaintiff filed this case. *See* Docket No. 1. On June 22, 2021, this case was assigned to the undersigned. Docket No. 12. The same day, the Court ordered plaintiff to re-file the complaint in compliance with Fed. R. Civ. P. 5.2(a)(3) on or before June 24, 2021. Docket No. 13. On June 28, the Court noted that plaintiff had not complied with the June 22 order and again ordered plaintiff to re-file the complaint in compliance with Fed. R. Civ. P. 5.2(a)(3) on or before June 30. Docket No. 16. This time, plaintiff complied. *See* Docket No. 17. On June 30, the magistrate judge held a scheduling conference. Docket No. 18. The magistrate judge ordered plaintiff to file the administrative record. *Id.* at 1. The magistrate judge also entered a scheduling order. *Id*. The scheduling order set a deadline of September 1, 2021 for plaintiff's opening brief. Docket No. 19 at 7. On September 1, plaintiff filed an opening brief. Docket No. 21. However, plaintiff had not yet filed the administrative record. On September 21, defendant filed a motion to dismiss under Fed. R. Civ. P. 41(b) due to plaintiff's failure to comply with the Court's order. *See generally* Docket No. 22. On September 22, the Court stayed the deadline for defendant to respond to plaintiff's opening brief pending resolution of the motion to dismiss. Docket No. 23. On September 27, plaintiff filed the administrative record. Docket No. 24. On November 12, plaintiff filed a motion for leave to amend her opening brief, with corrected citations to the administrative record. Docket No. 27 at 1. Defendant opposed the motion for leave. Docket No. 28.

## II. ANALYSIS

Defendant argues that plaintiff's two instances of disregarding the Court's orders

2

(failure to re-file the complaint in compliance with Fed. R. Civ. P. 5.2(a)(3) by the deadline and failure to file an administrative record before the opening brief) warrant dismissal of this case. Docket No. 22 at 1-2. Federal Rule of Civil Procedure Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The sanction of dismissal with prejudice for failure to prosecute is a "severe sanction," warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Corp.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Courts in this circuit apply five factors to determine whether a motion under Rule 41(b) should be granted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted); *see also Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (extending *Ehrenhaus* to Fed. R. Civ. P. 41(b) motions).

The first *Ehrenhaus* factor is actual prejudice. Prejudice can be shown through unreasonable delay, as a defendant has "a legitimate interest in bringing the matter to

closure within a reasonable time." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). Prejudice can also be shown when, through plaintiff's conduct, defendants "los[e] an opportunity to gain relevant information . . . [about] the factual basis of the parties' claims. *See Ecclesiastes*, 497 F.3d at 1145.

Defendant argues that it has suffered prejudice because the "longer resolution of this matter is pending, the more likely the School District is to be prejudiced by delay." Docket No. 22 at 8. Defendant notes the witness memories fade with time and witnesses may become unavailable. *Id.* at 7. Defendant additionally argues that the delay and attorneys' fees are prejudicing defendant. *Id.* at 8.

The Court finds that defendant has failed to show prejudice because the delay occasioned by the failure to file the administrative record was minimal. Plaintiff filed the record on September 27, 2021. While the Court does not countenance plaintiff's actions in disregarding the deadline to file the administrative record, the resulting prejudice to defendant was minor with a delay of less than a month. The Court stayed the deadline for defendant to respond to plaintiff's opening brief in recognition of the issues defendant raised with responding to plaintiff's opening brief without an administrative record. Docket No. 23. While this in turn has created some delay in the proceedings, the Court does not find the delay solely attributable to plaintiff. As noted by plaintiff, defendant could have requested an extension of time to respond to plaintiff's opening brief after the administrative record was filed. *See* Docket No. 25 at 5. Therefore, the first *Ehrenhaus* factor weighs in favor of plaintiff.

Defendant argues that plaintiff's disregard of the Court's order interferes with the

4

judicial process.  Docket No. 22 at 8-9.  The Court agrees with defendant that plaintiff's failure to file the administrative record had created "procedural uncertainty," *id.* at 9, and has "hindered the court's management of its docket."  See *Jones*, 996 F.2d at 265. This favor weighs in defendant's favor.

The third factor is the culpability of the litigant in failing to prosecute the case. This factor asks whether plaintiff caused the failure to prosecute, or whether she is a "victim[] of circumstances."  See *Jones*, 996 F.2d at 265.

This factor weighs in favor of defendant.  The magistrate judge ordered plaintiff to file the administrative record in sufficient time so that briefing could be completed. Docket No. 18 at 1.  Plaintiff states that she requested a designation of the record on March 23, 2021, but acknowledges that she "should have checked with the [Office of Administrative Courts] more frequently than she did for updates on the status of the record."  Docket No. 25 at 6.  This characterization is hard to square with defendant's affidavit of a phone call with plaintiff's counsel, wherein plaintiff's counsel informed defendant that plaintiff prepared the brief using exhibits but a colleague had told her she needed a certified record in these types of cases.  Docket No. 22-1 at 1, ¶ 4.  In any event, the delay was caused by plaintiff and this factor accordingly weighs in defendant's favor.

The fourth factor is whether plaintiff had been warned in advance that dismissal would be possible.  "[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  *Rogers*, 502 F.3d at 1152.  "[N]o notice of any type need be given by the court prior to dismissal."  *Id*. (citing *Stanley v. Cont'l Oil*

5

*Co.*, 536 F.2d 914, 917 (10th Cir. 1976)). Constructive notice, or "notice (1) without an express warning and (2) objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words)," is sufficient to satisfy this prong. *See Ecclesiastes*, 497 F.3d at 1150. Plaintiff certainly had notice that she was required to comply with the Court's order or face consequences. However, the Court finds that plaintiff was not on constructive notice that the failure to do so would result in dismissal with no warning. Accordingly, this factor weighs in plaintiff's favor.

Finally, the fifth factor is whether lesser sanctions would be available to address plaintiff's conduct. Although plaintiff is culpable for failing to file the administrative record in time, the Court finds that lesser sanctions are available that address plaintiff's conduct without resorting to the "severe sanction" of dismissal of this case with prejudice. *See id.* at 1143-44. Plaintiff is, however, warned that continued failure to comply with Court orders may result in dismissal of this action.

After evaluating and weighing the *Ehrenhaus* factors, the Court concludes that the judicial system's strong predisposition to resolve cases on their merits weighs in favor of denying defendant's motion. *See Ecclesiastes*, 497 F.3d at 1144 (citing *Ehrenhaus*, 965 F.2d at 921). Although plaintiff's culpability is clear, the lack of prejudice to defendant, the lack of a warning regarding possible dismissal, and the efficacy of lesser sanctions warrant denying defendant's motion to dismiss.

Defendant alternatively requests that the Court strike plaintiff's opening brief because it does not cite to the administrative record. Docket No. 22 at 12-13. Plaintiff has filed a motion for leave to file an amended opening brief with citations to the

administrative record.  Docket No. 27.  The Court will grant plaintiff's motion to file an amended opening brief and will accordingly deny defendant's motion to strike as moot.

Defendant additionally asks the Court to award it attorneys' fees under 28 U.S.C. § 1927.[1]  Docket No. 22 at 13-15.  The Court has denied defendant's motion to dismiss this case and will not award attorneys' fees.  Defendant could have avoided filing a motion to dismiss if it had instead sought an extension of time to respond to plaintiff's opening brief until after the administrative record was filed.  Accordingly, this portion of the motion is denied.

## III. CONCLUSION

Wherefore, it is

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b), Alternative Motion to Strike Plaintiff's Opening Brief, and Motion for Attorneys' Fees [Docket No. 22] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Leave to Amend Opening Brief [Docket No. 27] is **GRANTED**.  It is further

**ORDERED** that plaintiff shall file a clean copy of Plaintiff's Amended Opening Brief, Docket No. 27-1, on or before June 7, 2022.  It is further

---

[1] In her response, plaintiff also seeks attorneys' fees.  See Docket No. 25 at 7-8. Under D.C.COLO.LCivR 7.1(d), "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."  Accordingly, the Court will deny this request.

**ORDERED** that defendant shall respond to Plaintiff's Amended Opening Brief within 21 days of the filing of a clean copy of Plaintiff's Amended Opening Brief. Plaintiff shall reply within 14 days of defendant's response.

DATED June 2, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge